IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIDGET McADAMS,          )
                          )
         Plaintiff,       )
                          )
    v.                    ) Civil Action No. 07-133J
                          )
MICHAEL J. ASTRUE,        )
COMMISSIONER OF           )
SOCIAL SECURITY,          )
                          )
         Defendant.       )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 29th day of September, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.

2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending application for supplemental security income on March 1, 2005, alleging a disability onset date of December 6, 2001, due to kidney problems. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on May 9, 2006, at which plaintiff, represented by counsel, appeared and testified. On September 17, 2006, the ALJ issued a decision finding that plaintiff is not disabled. On April 9, 2007, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 22 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). She has a high school education. She has no past relevant work experience and has not engaged in any substantial gainful activity, before or since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of right atrophic kidney disease, right pyelonephritis, right nephrolithiasis with probable cystic disease, a history of

recurrent urinary tract infections and obesity, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity for work at the sedentary exertional level but with certain restrictions recognizing the limiting effects of her impairments. (R. 15). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity, including tester of small electronic parts, simple 1-2 step assembly worker, envelope sorter and hand tagger. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[1] 20 C.F.R. §416.920. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises four challenges to the ALJ's findings: (1) the ALJ failed to consider plaintiff's subjective complaints regarding specific limitations arising from her impairments; (2) the ALJ failed to consider the impact of all of plaintiff's medical conditions, severe and not severe, in combination in assessing plaintiff's residual functional capacity; (3) the ALJ failed to undertake a function by function assessment of plaintiff's ability to perform work-related activities; and, (4) the ALJ improperly failed to give controlling weight to the opinion of her treating physician suggesting plaintiff was temporarily disabled. Upon a review of the record, the court finds that all of the ALJ's findings and conclusions are supported by substantial evidence.

---

[1] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003).

Plaintiff first argues that the ALJ failed to consider plaintiff's subjective complaints regarding certain limitations arising from her impairments. In particular, plaintiff alleges that the ALJ gave no specific consideration to plaintiff's testimony that she must spend 20 minutes of every hour in the bathroom nor to her complaints of "constant fatigue." Upon review, the court is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the applicable regulations and rulings.[2]

In assessing plaintiff's credibility, the ALJ considered plaintiff's subjective complaints, but also considered those complaints in light of the medical evidence, her treatment history and all of the other evidence of record. In doing so, the ALJ reasonably found that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms are not entirely credible. (R. 15). The ALJ adequately explained his credibility finding in his decision and that finding is supported by substantial evidence.

As to plaintiff's specific allegations regarding urinary frequency and duration and constant fatigue, those allegations wholly are inconsistent with both the medical evidence and her activities of daily living. There simply is no objective evidence

---

[2] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

anywhere in the record to support plaintiff's allegation that she must use the bathroom 20 minutes out of every hour. Plaintiff never once made such an allegation to any of her attending physicians. In fact, on the majority of her treatment visits plaintiff made no complaints of urinary frequency problems at all, and, on the few occasions where she did raise such a concern, she did not ever suggest that her problems involved bathroom usage anywhere near 20 minutes out of every hour. (R. 115; 138; 188). In addition, plaintiff's daily activities, which include playing competitive volleyball, certainly are inconsistent with an individual who requires 20 minutes in the bathroom every hour or who suffers from "constant" fatigue.

In making his credibility finding the ALJ adhered to the standards set forth in 20 C.F.R. §416.929(c) and SSR 96-7p and adequately explained the basis for his credibility determination in his decision. The court is satisfied that the ALJ's credibility determination is supported by substantial evidence.

Plaintiff next argues that the ALJ failed to consider the impact of all of plaintiff's medical conditions, severe and not severe, in combination in assessing plaintiff's residual functional capacity. Specifically, plaintiff contends that the ALJ failed to consider the conditions of renal colic and left kidney hydronephrosis and their impact on plaintiff's ability to perform work on a sustained basis.

Plaintiff's argument is belied by the record. The ALJ explicitly acknowledged in his decision that plaintiff, on one

occasion in June of 2004, was hospitalized for renal colic with stone and also that there was evidence in the record of a hypertrophic left kidney. (R. 14). Thus, contrary to plaintiff's argument, the ALJ clearly was aware of and considered those conditions in assessing plaintiff's residual functional capacity.

Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). Accordingly, a mere diagnosis is insufficient to support a finding of disability. Here, the ALJ considered plaintiff's entire medical history consisting of all of plaintiff's conditions and impairments and, to the extent those impairments impacted plaintiff's ability to work, the ALJ accommodated them by limiting plaintiff to less than the full range of sedentary work with the numerous restrictions enumerated in the ALJ's residual functional capacity finding. (R. 15).

To the extent plaintiff argues that, in arriving at his residual functional capacity finding, the ALJ failed to consider the combined effects of all of plaintiff's medical conditions, both severe and non-severe, again, the record fails to support plaintiff's position. The ALJ specifically noted in his decision that he considered all of plaintiff's impairments in combination and his residual functional capacity finding, which incorporates limitations arising from all of plaintiff's impairments, demonstrates that he did just that. The court has reviewed the

record and is satisfied that in assessing plaintiff's residual functional capacity the ALJ took into consideration all of the medically supportable limitations arising from all of plaintiff's impairments, both severe and not severe, in combination, and that the ALJ's assessment is supported by substantial evidence.

Plaintiff's third argument is that the ALJ failed to perform a function-by-function assessment of plaintiff's ability to perform work-related activities as required by SSR 96-8p. The court has reviewed the ALJ's decision and is satisfied that it complies with the dictates of SSR 96-8p in regard to an assessment of plaintiff's residual functional capacity. The ALJ first identified plaintiff's functional limitations and restrictions and then assessed her work-related abilities as to those functions affected by those restrictions, including those set forth in 20 C.F.R. §416.945(b), (c) and (d). The ALJ then incorporated into his residual capacity finding all restrictions on plaintiff's functional abilities arising from her impairments that were supported by the record, including postural, mental and environmental restrictions, as well as a restriction allowing plaintiff either brief access to the bathroom or work which can be performed wearing an incontinence protection pad, restrictions which clearly accommodate plaintiff's allegations of urinary frequency, at least to the extent such allegations are supported by the medical evidence. (R. 15). The ALJ's residual functional capacity assessment complies with the requirements of SSR 96-8p and otherwise is supported by substantial evidence.

AO 72
(Rev 8/82)

Plaintiff's final argument is that the ALJ improperly evaluated the medical evidence in finding plaintiff not disabled. Specifically, plaintiff contends that the ALJ erroneously failed to consider or give controlling weight to an opinion of a treating source, Dr. Bertiz, who suggested in an April 2, 2005, state welfare form that plaintiff was "temporarily disabled" for a period beginning March 23, 2005, through March 26, 2006. (R. 172). After reviewing the record, the court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and the court finds no error in the ALJ's conclusions. The ALJ expressly addressed Dr. Bertiz's

assessment and explained why he did not give it significant weight, noting in particular that Dr. Bertiz's opinion is not supported by the evidence of record. (R. 15-16).

The record clearly supports the ALJ's evaluation of Dr. Bertiz's opinion. First, Dr. Bertiz's determination that plaintiff is "temporarily disabled" was rendered on a state welfare employability form. However, the Commissioner is to make disability determinations based on social security law and therefore an opinion from a treating source that an individual is disabled based on state welfare rules is not binding on the issue of disability under different social security regulations. See 20 C.F.R. §416.904.

In addition, the opinion of a physician, treating or otherwise, on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §416.927(e); SSR 96-5p. Here, based upon his review of the entire record, the ALJ concluded that plaintiff's impairments, while severe, do not preclude her from performing any substantial gainful activity.

Finally, as explained by the ALJ, Dr. Bertiz's opinion is not supported by the medical evidence, including Dr. Bertiz's own objective findings, none of which supports a finding of disability. In fact, Dr. Bertiz's opinion that plaintiff was temporarily disabled was rendered just three weeks after Dr. Bertiz himself had concluded that plaintiff was capable of performing a light range of work. (R. 120-21). Thus, because Dr. Bertiz's opinion is not supported by the objective medical

evidence and is inconsistent with other substantial evidence in the record, including his own findings, the ALJ did not err in not giving that opinion controlling, or even significant, weight. 20 C.F.R. §416.927(d); SSR 96-2p.

The ALJ did a thorough job in his decision in setting forth the relevant medical evidence and explaining why he rejected or discounted any evidence. (R. 14-16). The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: John D. Gibson, Esq.
131 Market Street
Suite 200
Johnstown, PA 15901

Stephanie L. Haines
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901